UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHANIEL J. EICH, | ) |
| | ) No. CV-09-288-CI |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, | ) AND REMANDING FOR ADDITIONAL |
| Commissioner of Social | ) PROCEEDINGS PURSUANT TO |
| Security, | ) SENTENCE FOUR 42 U.S.C. § |
| | ) 405(g) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 18.)   Attorney Jeffrey Schwab represents Plaintiff; Special Assistant United States Attorney Willy M. Le represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.)   After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Nathaniel J. Eich (Plaintiff) protectively filed for disability income benefits (DIB) and supplemental security income (SSI) on January 30, 2007. (Tr. 19, 63.)   Plaintiff alleged an onset date of August 7, 1997. (Tr. 19, 63.)   Benefits were denied initially and on reconsideration. (Tr. 41, 46.)   Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on April 23, 2007.   (Tr. 536-67.)   Plaintiff was represented by counsel and testified at the hearing.   (Tr. 539-61.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

Vocational expert Joseph A. Moisan also testified. (Tr. 561-65.) The ALJ issued a partially favorable decision, finding Plaintiff was disabled as of October 16, 2002, after his date last insured. (Tr. 19-32.) The Appeals Council denied review. (Tr. 5.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts and record and will, therefore, only be summarized here.

At the time of the hearing, Plaintiff was 44 years old. (Tr. 539.) Plaintiff did not graduate from high school and described himself as "not very well schooled." (Tr. 540.) Plaintiff has past work experience as an orchard worker, bus driver, security guard and construction worker. (Tr. 30, 562.) Plaintiff was injured at work in 1997 when he fell off a tractor and was pinned under a tire. He sustained injuries to his right leg and knee. (Tr. 397, 541.) Plaintiff testified his primary problems are his injury to his right leg and hepatitis C. (Tr. 542.) Hepatitis C causes Plaintiff to be fatigued and to get sick a lot. (Tr. 543.) Plaintiff also testified he has breathing problems and asthma. (Tr. 548.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

1   *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).

2   Substantial evidence is more than a mere scintilla, *Sorenson v.*

3   *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a

4   preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir.

5   1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

6   573, 576 (9th Cir. 1988). Substantial evidence "means such relevant

7   evidence as a reasonable mind might accept as adequate to support a

8   conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

9   (citations omitted). "[S]uch inferences and conclusions as the

10  [Commissioner] may reasonably draw from the evidence" will also be

11  upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On

12  review, the court considers the record as a whole, not just the

13  evidence supporting the decision of the Commissioner. *Weetman v.*

14  *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*,

15  648 F.2d 525, 526 (9th Cir. 1980)).

16      It is the role of the trier of fact, not this court, to resolve

17  conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence

18  supports more than one rational interpretation, the court may not

19  substitute its judgment for that of the Commissioner. *Tackett*, 180

20  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

21  Nevertheless, a decision supported by substantial evidence will still

22  be set aside if the proper legal standards were not applied in

23  weighing the evidence and making the decision. *Brawner v. Sec'y of*

24  *Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus,

25  if there is substantial evidence to support the administrative

26  findings, or if there is conflicting evidence that will support a

27  finding of either disability or nondisability, the finding of the

28  Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision. (Tr. 21.) At step two, he found Plaintiff has the following severe impairment: right leg injury in 1997, status post-surgical repair with repeat arthroscopy times two; right ankle fracture in 2007; hepatitis C with treatment from 2002 to 2005; depression and anxiety beginning in 2000; pain disorder; and passive aggressive personality disorder. (Tr. 21.) At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 27.) The ALJ then determined:

> [P]rior to October 16, 2002, the claimant had the residual functional capacity to perform sedentary work. He could only occasionally engage in stooping or crouching. He should avoid crawling or kneeling. He could frequently engage in balancing. He could occasionally climb stairs or ramps, but should never climb ropes, ladders or scaffolds. He was unable to perform repetitive movements with his right lower extremity, such as use of foot pedals. He was afflicted with mild to moderate, chronic pain and other symptoms, for which he took medication for relief of his symptoms, however, he was able to remain reasonably alert, attentive and responsive in a work setting, and could carry out normal work assignments satisfactorily.

(Tr. 28.)  The ALJ further found:

> [B]eginning on October 16, 2002, the claimant has had the residual functional capacity to perform sedentary exertion. He can only occasionally engage in stooping or crouching. He should avoid crawling or kneeling. He can frequently engage in balancing. He can occasionally climb stairs or

1   ramps, but should never climb ropes, ladders, or scaffolds.
2   He is unable to perform repetitive movements with his right
    lower extremity, such as foot pedals. He is afflicted with
3   mild to moderate, chronic pain and other symptoms, for which
    he takes medication for relief of these symptoms, however,
4   he is able to remain reasonably alert, attentive and
    responsive in a work setting, and could carry out normal
5   work assignments satisfactorily. In addition, he would find
    it necessary to change positions every hour for a minute or
6   two.

7   (Tr. 29-30.)  At step four, the ALJ found Plaintiff is unable to

8   perform any past relevant work. (Tr. 30.)  After taking into account

9   Plaintiff's age, education, work experience, residual functional

10  capacity and the testimony of a vocational expert, the ALJ found that

11  before October 16, 2002, there were a significant number of jobs in

12  the national economy that the Plaintiff could have performed. (Tr.

13  30.)  The ALJ also found that beginning on October 16, 2002, there are

14  not a significant number of jobs in the national economy that

15  Plaintiff could perform. (Tr. 31.)  Thus, the ALJ concluded Plaintiff

16  was not disabled before October 16, 2002, but became disabled on that

17  date and has continued to be disabled through the date of the

18  decision. (Tr. 32.)  The ALJ also concluded Plaintiff was not under

19  a disability within the meaning of the Social Security Act at any time

20  through December 31, 2001, the date last insured. (Tr. 32.)

21                                **ISSUES**

22      The question is whether the ALJ's decision is supported by

23  substantial evidence and free of legal error. Specifically, Plaintiff

24  argues the ALJ: (1) failed to include all of Plaintiff's limitations

25  in the RFC; (2) failed to adequately develop the record; and (3)

26  improperly determined Plaintiff does not meet or equal a listing. (Ct.

27  Rec. 14 at 8-11.)  Defendant argues the ALJ: (1) properly developed an

28  RFC adequately reflecting Plaintiff's limitations; (2) properly found

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

1   Plaintiff did not establish disability under the listings; and (3) was

2   not required to call a medical expert.  (Ct. Rec. 19 at 8-16.)

3                              **DISCUSSION**

4        To qualify for disability income benefits, Plaintiff must

5   establish disability on or before the date last insured of December

6   31, 2001.  *See* 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520.  The burden

7   of proof on this issue is on the claimant.  *Morgan v. Sullivan*, 945

8   F.2d 1079, 1080-1081 (9th Cir. 1991).

9        Plaintiff argues the ALJ failed to pose a hypothetical question

10  to the vocational expert which takes into account all limitations

11  established by the record, and suggests that the RFC established by

12  the ALJ does not properly account for all of his limitations.

13       The ALJ must examine a claimant's RFC and the physical and mental

14  demands of the claimant's past relevant work at step four of the

15  sequential process.   20 C.F.R. § 404.1520(e).   RFC is what an

16  individual can still do despite his or her limitations.  S.S.R. 96-8p.

17  The ALJ's hypothetical must be based on medical assumptions supported

18  by substantial evidence in the record that reflects all of the

19  claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th

20  Cir. 2001).   The hypothetical should be "accurate, detailed, and

21  supported by the medical record."  *Tackett v. Apfel*, 180 F.3d 1094,

22  1101 (9th Cir. 1999).   The ALJ is not bound to accept as true the

23  restrictions presented in a hypothetical question propounded by a

24  claimant's counsel.  *Magallenes v.* Bowen, 881 F.2d 747, 756-57 (9th

25  Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).

26  The ALJ is free to accept or reject these restrictions as long as they

27  are supported by substantial evidence, even when there is conflicting

28  medical evidence.   *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

**1.   Psychological Limitations**

Plaintiff argues the ALJ failed to pose a hypothetical question to the vocational expert which takes into account all of the limitations expressed in the report of Dr. Rowe, an examining psychologist. (Ct. Rec. 14 at 8.) Dr. Rowe prepared a psychological assessment dated May 23, 2000. (Tr. 122-29.) Dr. Rowe diagnosed adjustment disorder with anxiety and depressed mood. (Tr. 128.) He also indicated rule out pain disorder[1] and noted passive-aggressive personality features, although he deferred diagnosis on Axis II.[2] (Tr. 128.) Dr. Rowe indicated Plaintiff has sufficient intellectual ability to earn his GED, although it would be a challenge, and identified Plaintiff's intellectual ability as in the low-average range. (Tr. 129.) Dr. Rowe noted Plaintiff had worked as a security guard in the past and that it seemed reasonable that he might be employable in that capacity again. (Tr. 120.) Personality testing revealed Plaintiff is sensitive to criticism and likely to feel rejected if he does not receive reassurance and encouragement from others. (Tr. 129.) Dr. Rowe's report is the only psychological evidence from the period before the date last insured.

---

[1]A "rule out" diagnosis means there is evidence that the criteria for a diagnosis may be met, but more information is needed to rule it out. *See U.S. v. Grape*, 549 F.3d 591, 593-94 n.2 (3rd Cir. 2008); *Williams v. U.S.*, 747 F. Supp 967, 978 n.19 (S.D.N.Y 1990); *Simpson v. Comm.*, 2001 WL 213762, *7-8 (D. Or. 2001) (unpublished opinion).

[2]Dr. Rowe specifically noted that the passive-aggressive features do not reach a level of severity warranting a personality disorder diagnosis. (Tr. 128.)

The RFC finding and the hypothetical to the vocational expert propounded by the ALJ include no mental limitations other than noticeable chronic pain. (Tr. 28, 562-65.) Plaintiff's hypothetical to the vocational expert added the following mental limitations: "consistent function at the low average intellectual ability and would require repeated instruction and positive reinforcement, would not respond well to criticism and would have moderate difficulty in maintaining concentration, persistence or pace." (Tr. 565.) The vocational expert testified that an individual with those mental limitations and other physical limitations would not be able to perform any work in the national economy. (Tr. 565.) Thus, if the limitations identified by Plaintiff were properly included in the RFC, Plaintiff must be determined to be disabled before his date last insured.

Substantial evidence supports the ALJ's interpretation of Dr. Rowe's report. Dr. Rowe did note that Plaintiff's overall intellectual ability is in the low-average range and that he is sensitive to criticism, but these pre-dated Plaintiff's injuries. (Tr. 129.) However, as pointed out by the ALJ, Plaintiff successfully worked with these characteristics in the past. (Tr. 28.) Furthermore, Dr. Rowe mentioned variously that Plaintiff "worked at a very slow pace, though demonstrated very good persistence and motivation," that Plaintiff had a relative strength in attention, persistence and concentration, and that he had good working memory and persistence. (Tr. 124-26, 129.) As a result, substantial evidence does not support Plaintiff's assertion that the RFC and the ALJ's hypothetical failed to include a moderate limitation on concentration, persistence and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

pace.[3]    Finally, Dr. Rowe also indicated it reasonable to think Plaintiff could work as a security guard again, suggesting Dr. Rowe did not conclude Plaintiff is disabled. (Tr. 28, 129.) Even if it can reasonably be argued that the ALJ should have included other mental limitations in the RFC and hypothetical to the vocational expert based on Dr. Rowe's report, substantial evidence supports the ALJ's assessment of the report.

It is the ALJ's duty to resolve conflicts and ambiguity in the medical and non-medical evidence. *See Morgan v. Commissioner*, 169

---

[3]It is noted that the ALJ identified moderate difficulties in maintaining concentration, persistence or pace in evaluating Plaintiff's severe mental disorders at step three. (Tr. 28.) The psychiatric review technique described in 20 C.F.R. § 404.1520a and 416.920a requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings.  The limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.  The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments. S.S.R. 96-8p.  Thus, although the ALJ noted a moderate limitation in those areas, there is not a direct correlation to more specific findings required by the RFC.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT –11

F.3d 595, 599-600 (9th Cir. 1999).  It is not the role of the court to second-guess the ALJ.  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).   Substantial evidence supports the ALJ's inferences and conclusions based on Dr. Rowe's report and, therefore, the ALJ did not err.

**2.   Physical Limitations**

Plaintiff argues the ALJ failed to include all of his physical limitations related to his knee injury in the RFC and hypothetical to the VE.  (Ct. Rec. 14 at 8-9.) Although Plaintiff's argument is unclear, he appears to argue he was disabled from the time of his third knee surgery in October 2001.  (Ct. Rec. 14 at 9.)

After Plaintiff's initial injury in August 1997, he was released to work in November 1997.  (Tr. 397, 425.)   The record reflects various treatments, improvement, and setbacks with operations in April 1998 and June 2000.  (Tr. 437, 440.)  Plaintiff's physicians indicated he could do light work in July 1998, August 1998 and September 2000. (Tr. 454, 462-63.)  As noted by Plaintiff and the ALJ, a physical capacity evaluation on October 24, 2000 determined that Plaintiff could work at the heavy physical demand level for eight hours per day, with limitations on repetitive bending or squatting.  (Tr. 28, 476.) In January 2001, Dr. Linder, an orthopedic surgeon who conducted an independent medical examination, found Plaintiff could carry out a normal eight-hour work day at the heavy work level with limitations on repetitive heavy lifting, squatting, twisting and kneeling.  (Tr. 28, 485.)  By July 2001, Plaintiff was having more difficulty with his knee and on October 4, 2001, Dr. Broberg performed a third surgery. (Tr. 450.)  On October 17, 2001, at a follow up visit with Dr. Broberg, Plaintiff reported feeling a little bit better but still

having a lot of pain.  (Tr. 450.)  However, by December 2001, Plaintiff was doing much better and had resolution of the painful pinching sensation following the surgery, although he felt the knee was still a bit weak.  (Tr. 449.)  In September 2002, Dr. Broberg noted continued difficulty with Plaintiff's right knee, although the mechanical symptoms had resolved.  (Tr. 135.)  Dr. Broberg opined in October 2002 that Plaintiff's knee was fixed and stable, although he may need further treatment in the future.  (Tr. 134.)  Dr. Broberg indicated Plaintiff was able to work at the sedentary to light level. (Tr. 134.)

Plaintiff argues Dr. Broberg's office visit note that Plaintiff reported his knee was still weak creates a question as to the proper assessment of Plaintiff's functional abilities at that time.  (Ct. Rec. 14 at 9, Tr. 449.) However, Dr. Broberg opined that Plaintiff needed to continue with strengthening exercises and indicated no further treatment.  (Tr. 449.)  At Plaintiff's next appointment the following fall, Dr. Broberg continued to opine that Plaintiff was capable of sedentary to light work.[4]  (Tr. 134-35.)  As noted by the ALJ, several treating and examining doctors opined Plaintiff was capable of going back to work before he started hepatitis C treatment. (Tr. 29.)  The evidence cited by the ALJ in support of his conclusion that Plaintiff's knee injury was not disabling constitutes substantial evidence.

The hypothetical posed to the VE by the ALJ contained the physical and mental limitations properly found by the ALJ to be

---

[4]Dr. Broberg noted Plaintiff's intervening medical problems including GI bleeding and the diagnosis of hepatitis C.  (Tr. 135.)

credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005); *Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989).

**3.   Duty to Develop the Record**

Plaintiff argues the ALJ failed to meet his duty to develop the record at step three.  (Ct. Rec. 14 at 9-10.)  In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); *see also* 20 C.F.R. § 404.1519a. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998).  An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1150.

**a.   Listing 5.05**

Plaintiff argues the ALJ should have developed the record by calling a medical expert to determine whether Plaintiff meets or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14

equals listing 5.05 for chronic liver disease. (Ct. Rec. 14 at 9-10.)
Plaintiff has the burden of demonstrating disability under the
listings. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995); *see*
*Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990) (burden is on the
claimant to show that his impairment meets all of the specified
medical criteria for a listing, or present medical findings equal in
severity to all the criteria for the one most similar listed
impairment); *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004)
(burden of proof is on the plaintiff to establish the impairment meets
or equals a listing). The administrative law judge is responsible
for deciding the ultimate legal question about whether a listing is
met or equaled. S.S.R. 96-6p. A thorough discussion of the evidence
may adequately identify the basis for the step three finding. *See*
*Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("It is
unnecessary to require the [ALJ], as a matter of law, to state why a
claimant failed to satisfy every different section of the Listing of
Impairments. The [ALJ's] four page 'evaluation of the evidence' is an
adequate statement of the 'foundations on which the ultimate factual
conclusions are based'"); *see also Key v. Heckler*, 754 F.2d 1545, 1549
n.2 (9th Cir. 1985) ("the ALJ examined the medical reports submitted
by the various physicians and concluded that the preponderance of the
evidence did not establish the existence of the findings necessary to
support a showing of disability under the Listing of Impairments").

In this case, the ALJ thoroughly discussed the evidence which
formed the basis of the step three finding. Plaintiff fails to
discuss the evidence, if any, supporting his allegation that he meets
or equals listing 5.05. A generalized assertion of functional
problems is not enough to establish disability at step three. *Tackett*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT –15

*v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).  As a result, Plaintiff did not meet the burden of showing he meets or equals the criteria in listing 5.05.

**b.    Onset Date**

Plaintiff argues the ALJ should have called a medical expert to determine the onset date of bleeding varices and hepatitis C.  (Ct. Rec. 14 at 10.)  Plaintiff argues that the diagnosis of gastric varices and hepatitis C on January 24, 2002, suggests those conditions were present earlier, creating an ambiguity as to onset of disability. (Ct. Rec. 14 at 10.)  The critical date for disability compensation is the date of onset of the disability, not the date of diagnosis. *See Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991).  The medical evidence serves as the primary element in the onset determination. S.S.R. 83-20.  When the record is ambiguous as to the onset date of the disability, the ALJ must call a medical expert to assist in determining the onset date.  S.S.R. 83-20; *Armstrong v. Comm'r Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998).

Plaintiff was diagnosed with bleeding varices and hepatitis C in January 2002. (Tr. 442-43.)  On October 16, 2002, Plaintiff began treatment for hepatitis C.   (Tr. 325.)  The next day, Plaintiff's sister called and said Plaintiff had the shakes, fevers, nausea, crying, body aches, headaches, fatigue, and sore throat.  (Tr. 326.) The ALJ concluded Plaintiff's disability began at the time his treatment began, in part because Plaintiff testified the fatigue did not become significant until treatment began.  (Tr. 29.)  However, the record reflects that in March 2002, Plaintiff contacted Dr. Smith to report a "some blood" passing from his rectum.  (Tr. 180.)  Upon examination, Plaintiff was doing well and without recurrent bleeding,

but Dr. Smith opined that he was at risk for progression to worsened cirrhosis or hepatoma.  (Tr. 180.)  Dr. Smith wanted Plaintiff to start Interferon and Ribavirin treatment right away, but Plaintiff did not have insurance coverage.  (Tr. 180.)  Dr. Smith opined, "He is unable to work, and quite fatigued." (Tr. 180.)  The ALJ did not address this opinion with specificity, and the court concludes it creates an ambiguity with respect to onset of disability.  Because of the ambiguity, the date of onset established is not supported by substantial evidence.   The failure to obtain the testimony of a medical expert to resolve the ambiguity and establish the date of onset constitutes error.  *See Armstrong*, 160 F.3d at 589.  As a result, the matter must be remanded for development of the record regarding the date of onset.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error.  On remand, the ALJ shall obtain evidence from a medical expert regarding date of onset of disability and make such new findings as are appropriate.  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **DENIED.**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -17

1   provide a copy to counsel for Plaintiff and Defendant.  Judgment shall

2   be entered for Plaintiff and the file shall be **CLOSED**.

3        DATED March 11, 2011.

4

5                        _____S/ CYNTHIA IMBROGNO_____
                          UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT –18